J-A26013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                 :          PENNSYLVANIA
                                 :

         v.                         :
                                 :

EDWARD UNRATH               :
                                 :

        Appellant            :     No. 1966 EDA 2021

Appeal from the Judgment of Sentence Entered May 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008350-2019

BEFORE:   BOWES, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:          **FILED NOVEMBER 7, 2022**

Edward Unrath appeals from the judgment of sentence of forty to eighty-four months of imprisonment imposed following his convictions of aggravated assault, simple assault, recklessly endangering another person ("REAP"), and possession of an instrument of crime ("PIC").  We affirm.

The trial court offered the following summary of the facts underlying Appellant's convictions:

> [The victim, Jason Gotwalt,] left his home to go to work at approximately 7:00 a.m. on August 12, 2019.  He left through the front door of the house, which faces the street, and walked towards his driveway via the front walkway.  [An] assailant approached Mr. Gotwalt holding a taser.  This prompted Mr. Gotwalt to flee towards the front steps of his home, where he fell to the ground.  While on the ground, Mr. Gotwalt was tased twice on the back of his shoulder.  Mr. Gotwalt then turned over, and the assailant punched Mr. Gotwalt's face and upper body

---

[*] Retired Senior Judge assigned to the Superior Court.

repeatedly (approximately 15 times). The attacker then ceased his attack, and ran down the front lawn toward the street as a pickup truck pulled up near the house. The attacker got into the truck, and it [sped] away. Mr. Gotwalt sustained injuries of a broken nose, skin lacerations to his shoulders and arms, and bruising on the back of his shoulder. All parties agree that the assault occurred as described by Mr. Gotwalt, and that the assailant fled as a passenger in the vehicle.

Mr. Gotwalt identified [Appellant] as the driver of the getaway vehicle. Mr. Gotwalt knew [Appellant] prior to the assault because [Appellant] is Mr. Gotwalt's ex-girlfriend's uncle. Mr. Gotwalt had previously met [Appellant] in this context on five or six occasions. On these occasions, Mr. Gotwalt also observed [Appellant]'s vehicle, which he found memorable because it is a silver pickup truck with mismatched doors and fenders. Mr. Gotwalt identified the getaway vehicle as that same silver pickup truck with mismatched doors and fenders.

Trial Court Opinion, 5/4/22, at 1-2 (citations omitted).

Appellant was charged with the above-referenced offenses along with criminal conspiracy. At the conclusion of a bench trial, the trial court found Appellant guilty of all charges.[1] Appellant filed a pre-sentence motion for extraordinary relief contending that the evidence was insufficient to sustain his convictions and the verdict was against the weight of the evidence. The trial court granted the motion as to conspiracy, changing the verdict on that count to a judgment of acquittal. The trial court denied the motion in all other

---

[1] The man charged with being the assailant was acquitted based upon insufficient identification evidence.

respects, and imposed the sentence indicated above on the remaining convictions.[2]

Although Appellant indicated at sentencing his desire to file an appeal, trial counsel failed to do so. Appellant's direct appeal rights were subsequently reinstated through a Post Conviction Relief Act ("PCRA") petition, and this appeal was timely filed. Counsel failed to timely comply with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court nonetheless addressed the issues raised in Appellant's late filing in its Rule 1925(a) opinion, rendering the issues ripe for our review.[3] Appellant raises the following question for our consideration: "Was there sufficient evidence to prove aggravated assault, [PIC], simple assault and [REAP] beyond a reasonable doubt?" Appellant's brief at 3.

The following principles guide our review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for a fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every

---

[2] Specifically, the court sentenced Appellant to forty to eighty-four months for aggravated assault and imposed no penalties for the other convictions.

[3] **See Commonwealth v. Williams**, 245 A.3d 710, 715 (Pa.Super. 2021) ("'When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues, we need not remand [pursuant to Rule 1925(c)(3)] and may address the merits of the issues presented.' **Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa.Super. 2012).").

possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence received must be considered. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Hobel**, 275 A.3d 1049, 1069 n.8 (Pa.Super. 2022) (internal quotation marks omitted).

Appellant does not dispute that the Commonwealth proved that Mr. Gotwalt's assailant committed aggravated assault, simple assault, REAP, and PIC.[4] Appellant's challenge is to the evidentiary support for a finding that he was vicariously liable for the assailant's criminal conduct. Specifically, Appellant argues that there was no evidence offered to prove that he had prior knowledge of the assault or that he was present during its commission. **See** Appellant's brief at 5. He maintains that his lone act of driving the assailant away was not itself enough to establish his culpability. **Id**.

Appellant was legally accountable for the conduct of the assailant if he acted as his accomplice. **See** 18 Pa.C.S. § 306(a), (b)(3). One is culpable as an accomplice if, "with the intent of promoting or facilitating the commission of the offense, he . . . aids or agrees or attempts to aid such other person in

_____

[4] The trial court's opinion details the evidence that proved each element of each crime. **See** Trial Court Opinion, 5/4/22, at 5-8.

- 4 -

planning or committing it[.]" 18 Pa.C.S. § 306(c)(1)(ii). "Accomplice liability requires only aid, not an agreement." *Commonwealth v. Jordan*, 212 A.3d 91, 95 (Pa.Super. 2019). "An accomplice's conduct does not have to result in and of itself in the criminal offense, but rather an accomplice's conduct must, with the intent to promote or facilitate, aid one whose conduct does causally result in the criminal offense." *Commonwealth v. Bridges*, 381 A.2d 125, 128 (Pa. 1977). Similarly, the accomplice's intent need not be to cause a particular result, only to aid in the principal's commission of the offense. *See*, *e.g.*, *Commonwealth v. Roebuck*, 32 A.3d 613, 624 (Pa. 2011).

Mere presence at the scene of a crime is insufficient to establish accomplice liability. *See*, *e.g.*, *Commonwealth v. Lambert*, 795 A.2d 1010, 1024 (Pa.Super. 2002). Rather, the Commonwealth's burden is to prove that the defendant had some slight participation in the crime. *See Commonwealth v. Wagaman*, 408, 627 A.2d 735, 740 (Pa.Super. 1993). However, "[t]he least degree of concert of collusion is sufficient to sustain a finding of responsibility as an accomplice*." Commonwealth v. Coccioletti*, 425 A.2d 387, 390 (Pa. 1981).

Direct evidence of an accomplice's intent to aid the perpetrator of a crime is unnecessary. As with any element of a crime, "the Commonwealth may rely wholly upon circumstantial evidence." *Jordan*, *supra* at 95. As our Supreme Court has explained, "a shared criminal intent between the principal and his accomplice may be inferred from a defendant's words or conduct or

from the attendant circumstances." ***Commonwealth v. Le***, 208 A.3d 960, 969 (Pa. 2019). Inferences may not be based upon mere suspicion, but must be logical conclusions drawn from proven facts. ***See Commonwealth v. Jackson***, 955 A.2d 441, 444 (Pa.Super. 2008).

With these principles in mind, we turn to the evidence at issue in the case *sub judice*. The trial court rejected Appellant's claim that the Commonwealth failed to offer sufficient evidence that he acted as an accomplice, explaining as follows:

> For purposes of a criminal conviction as an accomplice, the amount of aid rendered may be insubstantial, provided it was rendered in support of a criminal act. ***Commonwealth v. Murray***, 83 A.3d 137 (Pa. 2013). A person who waits in the vicinity of a criminal act for the purpose of acting as a getaway driver is as guilty of the underlying crime as is the main criminal actor. ***Commonwealth v. Coyle***, 203 A.2d 782 (Pa. 1964). Acting merely as a driver is not sufficient to demonstrate that a person was an accomplice—there must be some evidence, or inference from [the] evidence, which suggests that the driver was aware they were facilitating a crime by providing a getaway. ***Commonwealth v. Finley***, 383 A.2d 1259, 1260 (Pa. 1978) (citing ***Commonwealth v. Lowry***, 98 A.2d 736 (Pa. 1953) ("If he watched for his companions, in order to prevent surprise, or remained at a convenient distance in order to favor their escape . . . he was aiding and abetting.")).
>
> The facts of the present case are sufficient to prove beyond a reasonable doubt that [Appellant] was the driver of the pickup truck and was acting as an accomplice to the assault and related crimes by acting as the getaway driver. The fact that the pickup truck drove up to the house to pick up the assailant just as the assault was complete is consistent with the pattern of a person acting as a getaway driver. . . . The facts of this case strongly support the inference that the getaway driver not only waited while the assault was occurring, but also watched the assault in progress to know when to pick up the assailant. Mr. Gotwalt positively identified the driver as [Appellant] and the pickup truck

- 6 -

with unique mismatched paint as the vehicle known to be driven by [Appellant].

Trial Court Opinion, 5/4/22, at 4-5.

Appellant attempts to distinguish the cases relied upon by the trial court by noting that they each involved direct evidence that the accomplice had either provided more assistance to the perpetrator, or had been with the primary actor before or during the commission of the crimes. **See** Appellant's brief at 9-11. However, our review of the certified record, viewed in the light most favorable to the Commonwealth, confirms that the Commonwealth proffered sufficient circumstantial evidence to allow the fact-finder to reasonably infer that Appellant was not a mere bystander who innocently stumbled onto the scene.

In addition to the circumstantial evidence highlighted by the trial court, the Commonwealth further established that Appellant "had motive to attack because [Appellant's] niece and Mr. Gotwalt were engaged in a contentious custody battle over their son at the time of the incident." Commonwealth's brief at 9 (citing N.T. Trial, 2/24/21, at 47). The Commonwealth offers the following succinct explanation why Appellant's claim is meritless:

> [The] circumstantial evidence demonstrates that [Appellant] acted as an accomplice because he acted with the intent to facilitate the attack. The attack was completed in seconds, and . . . the assailant knew to run to the exact area where [Appellant] would appear to pick him up moments later. . . . Had [Appellant] not intended to promote or facilitate the crime, it is highly unlikely he would have stopped to pick up an unknown man running down a hill toward him at that time of day. It is even more unlikely that he would let this man enter his car and then immediately speed

away from this seemingly random location at the bottom of a hill
if he did not know that he was absconding from a crime scene.

*Id*. at 8-9 (citing N.T. Trial, 2/24/21, at 37, 52, 78).

As discussed above, the Commonwealth's evidence does not have to preclude any possibility of innocence, but rather must prove sufficient facts to surpass mere surmise and establish a foundation for logical inferences made beyond a reasonable doubt. ***See Hobel***, ***supra*** at 1069 n.8; ***Jackson***, ***supra*** at 444. We hold that it did so in this case. The verdict is the product of the logical, factually-supported determination that Appellant did not just happen to drive by the home of the opposing party in his niece's custody battle in the early morning hours, at the exact time that the assailant had run to the road, and then opt to pick up a stranger and speed away, unintentionally aiding the assailant in fleeing from a crime scene. ***Accord Commonwealth v. Causey***, 833 A.2d 165, 173 (Pa.Super. 2003) ("The evidence at trial showed that appellant, at the very least, was the getaway driver of the vehicle from which his brother shot at the victim. We conclude that the evidence, if believed, was sufficient for the jury to find that all the elements of aggravated assault had been proven against appellant under a theory of accomplice liability beyond a reasonable doubt."). Therefore, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2022